Matter of Jolani P. (Parris M.) (2020 NY Slip Op 03116)





Matter of Jolani P. (Parris M.)


2020 NY Slip Op 03116


Decided on June 3, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on June 3, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

REINALDO E. RIVERA, J.P.
SHERI S. ROMAN
ROBERT J. MILLER
PAUL WOOTEN, JJ.


2019-02980
 (Docket Nos. N-7844-18, N-7846-18)

[*1]In the Matter of Jolani P. (Anonymous). Westchester County Department of Social Services, petitioner-respondent; Parris M. (Anonymous), appellant, et al., respondent.


George E. Reed, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Linda M. Trentacoste and Dave H. Chen of counsel; Miy Mahran on the brief), for petitioner-respondent.
Carton & Rosoff, P.C., White Plains, NY (Robin D. Carton of counsel), attorney for the child.



DECISION & ORDER
In a proceeding pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered January 24, 2019. The order, insofar as appealed from, after a hearing, continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further orders of the court.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
The mother appeals from so much of the permanency hearing order entered on January 24, 2019, as continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further orders of the court. A subsequent permanency hearing order was entered on July 25, 2019.
The mother's appeal from so much of the permanency hearing order as continued the child's placement in the custody of the petitioner until the completion of the next permanency hearing or pending further orders of the court, is dismissed as academic, as that portion of the order has expired (see Matter of Peter T. [Shay S.P.], 173 AD3d 1046, 1047; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580).
Contrary to the mother's contention, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).
RIVERA, J.P., ROMAN, MILLER and WOOTEN, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court