Matter of Jolani P. (Parris M.) (2020 NY Slip Op 06795)





Matter of Jolani P. (Parris M.)


2020 NY Slip Op 06795


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2020-03669
 (Docket Nos. N-7844-18, N-7846-18)

[*1]In the Matter of Jolani P. (Anonymous). Westchester County Department of Social Services, respondent; Parris M. (Anonymous), appellant.


George E. Reed, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel; Katherine Krahulik on the brief), for respondent.
Robin D. Carton, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered February 26, 2020. The order, insofar as appealed from, after a hearing, continued the subject child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court.
ORDERED that the order is affirmed insofar as appealed from, without costs or disbursements.
In prior proceedings in the Family Court, findings of neglect were entered against the mother and the father with respect to the subject child's two older siblings, and the mother and the father executed judicial surrenders of their parental rights with respect to those children. The subject child was placed in the care and custody of the petitioner when discharged from the hospital after
birth, upon the commencement of the subject child protective proceedings. By order entered January 24, 2019, the Family Court, inter alia, continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court. The mother appealed from so much of that order as continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court and, by decision and order dated June 3, 2020, this Court dismissed the appeal as academic (see Matter of Jolani P. [Parris M.], 184 AD3d 574). By order entered July 25, 2019, the Family Court, inter alia, continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court. The mother appealed from so much of that order as continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court, and this Court is dismissing that appeal as academic (see Matter of Jolani P., ___ AD3d ___ [Appellate Division Docket No. 2019-10900; decided herewith]). On [*2]October 22, 2019, the Family Court found that the child was neglected by the mother and the father. By order entered February 26, 2020, the Family Court, after a hearing, inter alia, continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court. The mother appeals from so much of the February 26, 2020 order as continued the child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court.
Article 10-A of the Family Court Act "establish[es] uniform procedures for permanency hearings for all children who are placed in foster care . . . [in order] to provide children placed out of their homes timely and effective judicial review that promotes permanency, safety and well-being in their lives" (Family Ct Act § 1086; see Matter of Lacee L. [Stephanie L.], 32 NY3d 219, 226). The Family Court Act provides for an initial permanency hearing within eight months of a child's removal from his or her home, and subsequent permanency hearings every six months thereafter (Family Ct Act § 1089[a][2-3]; see Matter of Lacee L. [Stephanie L.], 32 NY3d at 226). At the conclusion of a permanency hearing, the Family Court "shall, upon the proof adduced, and in accordance with the best interests and safety of the child, including whether the child would be at risk of abuse or neglect if returned to the parent or other person legally responsible, determine and issue its findings, and enter an order of disposition in writing" (Family Ct Act § 1089[d]; see Matter of Lacee L. [Stephanie L.], 32 NY3d at 226). The order of disposition may direct that the placement of the child be terminated and the child returned to the parent (Family Ct Act § 1089[d][1]). If the child is not returned to the parent, the order must state, among other things, whether reasonable efforts have been made to effectuate the child's permanency plan and whether the permanency goal for the child should be approved or modified (Family Ct Act § 1089[d][2][i], [iii]).
Here, the record supports the Family Court's determination that the best interests and safety of the child warranted that the child remain in foster care pending the completion of the next permanency hearing or further order of the court (see Family Ct Act § 1089[d]). Although the mother was engaged and progressed in recommended services from shortly after the child entered foster care in July 2018, she was arrested and incarcerated from June 1, 2019, to August 8, 2019, for bringing a controlled substance into the prison where the father was incarcerated and, as a result, did not engage in services and had no contact with the child during that two-month period. While the mother re-engaged in services and parental access after being released from jail, at the time of the hearing, she was still on a waiting list to re-engage in a parenting course which had been terminated due to her incarceration, and her parental access was limited to one hour per week.
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court