Matter of Jolani P. (Parris M.) (2020 NY Slip Op 06794)





Matter of Jolani P. (Parris M.)


2020 NY Slip Op 06794


Decided on November 18, 2020


Appellate Division, Second Department



Published by New York State Law Reporting Bureau pursuant to Judiciary Law § 431.


This opinion is uncorrected and subject to revision before publication in the Official Reports.



Decided on November 18, 2020
SUPREME COURT OF THE STATE OF NEW YORK
Appellate Division, Second Judicial Department

ALAN D. SCHEINKMAN, P.J.
RUTH C. BALKIN
JEFFREY A. COHEN
HECTOR D. LASALLE, JJ.


2019-10900
 (Docket Nos. N-7844-18, N-7846-18)

[*1]In the Matter of Jolani P. (Anonymous). Westchester County Department of Social Services, respondent; Parris M. (Anonymous), appellant.


George E. Reed, Jr., White Plains, NY, for appellant.
John M. Nonna, County Attorney, White Plains, NY (Jason S. Whitehead of counsel), for respondent.
Robin D. Carton, White Plains, NY, attorney for the child.



DECISION & ORDER
In related proceedings pursuant to Family Court Act article 10, the mother appeals from a permanency hearing order of the Family Court, Westchester County (Michelle I. Schauer, J.), entered July 25, 2019. The order, insofar as appealed from, after a hearing, continued the subject child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court.
ORDERED that the appeal is dismissed as academic, without costs or disbursements.
The mother's appeal from so much of the permanency hearing order as continued the subject child's placement with the petitioner until the completion of the next permanency hearing or pending further order of the court has been rendered academic by a subsequent permanency hearing order entered February 26, 2020 (see Matter of Jolani P. [Parris M.], 184 AD3d 574, 574; Matter of Peter T. [Shay S.P.], 173 AD3d 1046, 1047; Matter of Peter T. [Shay S.P.], 173 AD3d 1043, 1045; Matter of Victoria B. [Jonathan M.], 164 AD3d 578, 580).
Contrary to the mother's contention, this case does not warrant the invocation of the exception to the mootness doctrine (see Matter of Hearst Corp. v Clyne, 50 NY2d 707, 714-715).
SCHEINKMAN, P.J., BALKIN, COHEN and LASALLE, JJ., concur.
ENTER:
Aprilanne Agostino
Clerk of the Court